UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TROY BENNETT,
 *Petitioner*,

v.                                         Case No: 6:21-cv-687-CEM-EJK
                                                  (6:16-cr-256-CEM-EJK)

UNITED STATES OF AMERICA,
 *Respondent*.

## NOTICE OF SUPPLEMENTAL AUTHORITY

**COMES NOW** the Petitioner, Troy Bennett, through undersigned counsel, and hereby submits this Notice of Supplemental Authority and in support states as follows:

Since the conclusion of the briefing on Mr. Bennett's pending motion to vacate, the Eleventh Circuit issued *United States v. Rivers*, 134 F.4th 1292 (11th Cir. 2025), which was decided on April 25, 2025, and *United States v. Hood*, 2025 WL 1454356, which was issued on May 21, 2025. *See* Exhibit A and Exhibit B.

In *Rivers*, the Eleventh Circuit held that a reversible *Erlinger* error occurred because the district court, rather than a jury, found that the defendant's ACCA predicate offenses were committed on different occasions. *Id*. at 1305. It rejected the argument that the error was harmless, finding "a jury might reasonably conclude [that Rivers's drug] sales were part of a single criminal episode," as they were committed "within a relatively short span of eight days" and in the same city. *Id*. at 1306–07 (internal quotations omitted).

In *United States v. Hood*, the Eleventh Circuit reaffirmed *Rivers* and again reversed an ACCA sentence on *Erlinger* grounds. *Hood*, 2025 WL 1454356, at *9 (11th Cir. May 21, 2025)

("Here, as in *Rivers*, we conclude based on the record that the government has not met its burden of proving beyond a reasonable doubt that a rational jury would have found (also beyond a reasonable doubt) that the relevant ACCA predicates were committed on three different occasions.").

Mr. Bennett asks the Court to consider these cases in connection with his *Erlinger* claim. As in *Rivers* and *Hood,* the *Erlinger* error in this case is not harmless because several of the predicate offenses alleged in the indictment occurred on the same day, and so the Government cannot meet its burden of proving beyond a reasonable doubt that a jury would find three predicate crimes were committed on different occasions.

Dated this 26th day of August, 2025.

Respectfully submitted,

*/s/ Andrew B. Greenlee*

Andrew B. Greenlee, Esq.
Florida Bar No. 96365
ANDREW B. GREENLEE, P.A.
401 East 1st Street
Unit 261
Sanford, Florida 32772
(407) 808-6411
andrew@andrewgreenleelaw.com
*Counsel for Petitioner*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26th day of August 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all parties of record.

*/s/ Andrew B. Greenlee*
Andrew B. Greenlee, Esq.